## MOLLIE F. COMEGYS *vs.* MOSES JONES.

*Will—Construction—Dying without Issue.*

Where a devise is to A., and "if he dies without issue," then to B., the first taker takes a fee, and the devise over is void because the contingency is too remote.

APPEAL from the Circuit Court for Queen Anne's County.

The case is stated in the opinion of the Court. The case was tried below upon an agreed statement of facts, and judgment was entered for defendant's costs of suit. The plaintiff appealed.

The cause was argued before ALVEY, C. J., IRVING and BRYAN, J., and YELLOTT, MILLER, ROBINSON, and RITCHIE, J., participated in the decision.

*Edward Stake,* and *Howard Bryant,* for the appellant.

"Issue," as used in this devise, means children, and is a word of purchase and not of limitation, judging by the intent and purpose of the testatrix gathered from the whole context of the will. Since the term issue may be employed either as a word of purchase or of limitation as will best effectuate the testatrix's intention, and it is much more flexible than the words "heirs of the body," Courts more readily interpret the word issue as the synonym of children, and as a mere description of the person or persons to take, than they do the words heirs of the body. The word issue is not *ex vi termini* within the rule in *Shelley's Case.*

This Court has said, that the rule in *Shelley's Case* does not apply where the limitation is to the individuals of the family of the person to whom the life estate is given as

sons or children; and if issue in this case means the sons or children of Elijah, and that they should take the estate before Samuel, as suggested by the case of *Dickson vs. Satterfield, et al.*, (53 *Md.*, 320,) still the rule cannot apply, and for this reason the case is not applicable to this devise.

As a word of limitation, issue is collective, and signifies all the descendants in all generations, but as a word of purchase, it denotes the particular person or class of persons to take under the devise. In order for the rule to apply, which is, "if a devise be to one for life, and afterwards in the same instrument there is a limitation either immediately or mediately to his heirs generally, or heirs of his body, he takes an estate in fee-simple or fee-tail in possession in the one case and in remainder in the other;" there must be a limitation to the ancestor's heirs generally, or heirs of his body, but it will be observed in the first item of the devise, there is no estate limited or given to the issue whatever, and thus the words, "if he dies without issue," simply explain what estate Elijah took.

It cannot be reasonable to suppose that the testator intended to give Elijah a fee, which, with his consent, could be sold, and if he had children, thus cut them off and transfer the estate out of the family, and away from his brother Samuel, and if Elijah left no issue, defeat the rest of the scheme of the will, which was, that the farm was to go to his brother Samuel in fee. *Fulton, et al. vs. Haman, et al.*, 44 *Md.*, 263; *Timanus, et al. vs. Dugan, et al.*, 46 *Md.*, 415; *Lyles vs. Digges*, 6 *H. & J.*, 373; *Daniel vs. Whartenby*, 17 *Wall.*, 646; *Doe vs. Colyear*, 11 *East*, 548.

*Edwin H. Brown*, for the appellee.

Elijah took an absolute fee-simple estate, and the estate over to Samuel Comegys was void for remoteness, *being made dependent on an indefinite failure of issue.*

It must be admitted that there is no expression whatever in the item under consideration for construction to limit the provision, after the devise to Elijah Comegys, *if he dies without issue*, to the dying without issue living at the time of his death, or at any other particular time, nor is there any expression in this item "to rescue the word issue from its ordinary and technical signification, or to indicate with reasonable certainty that the testatrix intended to create in the issue a new stock of inheritance," "therefore," Elijah "must be held to have taken the fee;" "for our statute converts all estates tail general into fee-simple estates." *Dickson vs. Satterfield, et al., Admrs.,* 53 *Md.*, 321; *Machell vs. Weeding,* 8 *Sim.*, 4; 1 *Jarman*, 447; *Estep and Shaw vs. Mackey, et al.,* 52 *Md.*, 599; *Newton vs. Griffith,* 1 *H. & G.*, 111; *Hoxton vs. Archer,* 3 *G. & J.*, 199.

"A devise to a person and the heirs of his body lawfully begotten, creates an estate tail in the first taker, by operation of the rule in *Shelley's Case,* and it is equally well settled, that a devise over, dependent upon an indefinite failure of issue of a prior devisee, is a contingency too remote to support a valid executory devise." *Joselti, et al. vs. McGregor,* 49 *Md.*, 211.

The will in this case was made in the year 1833, and became effective that year. It is to be construed by the rules of construction, and the principles of law which then prevailed. It is not to be considered in the light of changes in the law which have since taken place, or under the influence of sentiment and opinion, which springing up have given rise to these changes.

The Act of 1862, ch. 161, which limits the dying without issue, and equivalent phrases, to the period of the death of the first taker, is an admission of all that the defendant contends for as to the principles and rules of construction which prevailed at the date of this will. See *Woollen, Trustee vs. Frick and Golder, Exe'rs,* 38 *Md.*, 437.

IRVING, J., delivered the opinion of the Court.

This was an action of ejectment brought by the appellant against the appellee, and the only question involved depends upon the construction and effect of a clause in the will of Rachel Busick made in December, 1833, and which became operative, by the death of the testator and probate of the will, in the same month and year of its execution. By the second clause thereof she devises as follows: "I give and bequeath unto Elijah Comegys, the oldest son of Samuel Comegys, my farm where Zachariah Rolph now lives, together with fifteen acres of woodland to be laid off on the north of the public road ; if he dies without issue, then I give and bequeath the same to his brother, Samuel Comegys."

The appellee claims, by virtue of a series of alienations and conveyances, from Elijah Comegys. The appellant claims as an heir-at-law of Samuel Comegys, to whom the farm was given in the event of Elijah Comegys dying without issue, which, it is admitted, is the fact.

This will took effect prior to the passage of the Act of 1862, ch. 161, and must therefore be construed with reference to the law as it existed *when* the will took effect. *James vs. Rowland*, 52 *Md.*, 466 ; *Estep & Shaw vs. Mackey, et al.*, 52 *Md.*, 596 ; *Woollen, Trustee vs. Frick & Golder, Ex'rs*, 38 *Md.*, 437. Construing it without the aid of that Act, the judgment of the Court below must be affirmed. The devise is to Elijah Comegys, and "if he dies without issue," then over. In *Woolen's Case*, above cited, this Court says, " these words, according to their settled legal construction, import a general or indefinite failure of issue, and whenever found in a will must be taken in their technical sense, unless there be something clearly demonstrating a different intention on the part of the testator, restricting them to a definite failure of issue, or failure of issue at the death of the first taker ; " and the learned Judge adds, that authorities need not be cited

for a rule of construction so familiar and well established as this." The same rule was followed in *Dickson vs. Satterfield*, 53 *Md.*, 320; and was approved quite as emphatically in *Estep & Shaw vs. Mackey, et al.*, 52 *Md.*, 600. Applying that rule it is clear, that the first taker took the fee, and the devise over was void, because the contingency was too remote. We find nothing in the will outside of this clause to aid us in construing it, or which rescues it from the operation of the technical rule, which, in the absence of clearly expressed intention to the contrary, must control. Neither of the devisees mentioned in this clause are again mentioned in the will; therefore we can gather nothing further respecting the intentions of the testator as to them, than is disclosed in this clause; and there is certainly nothing in it which can prevent the devise over from failing.

*Judgment affirmed.*

(Decided 27th May, 1886.)